CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

JOHN A. MAIER (SBN 191416)
MAIER PFEFFER KIM GEARY & COHEN LLP
1440 Broadway, Suite 812
Oakland, CA 94612
Telephone: (510) 835-3020
Facsimile: (510) 835-3040
E-mail: jmaier@jmandmplaw.com

Attorneys for THE NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY M. JEWELL, Secretary of the Interior; and LAWRENCE S. ROBERTS, Acting Assistant Secretary of the Interior for Indian Affairs,<br><br>Defendants. | Case No. 1:16-cv-00950-AWI-EPG<br><br>**INTERVENOR THE NORTH FORK RANCHERIA OF MONO INDIANS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 30, 2017<br>Time: 1:30 p.m.<br>Court: 2, 8th Floor<br>Judge: Honorable Anthony W. Ishii |

Pursuant to Local Rule 260(a)-(b), the North Fork Rancheria of Mono Indians of California ("North Fork") submits the following response to Picayune's Statement of Undisputed Facts and a separate Statement of Undisputed Facts in support of North Fork's motion for summary judgment. North Fork does not concede that the following facts are material to the Court's decision on summary judgment, as all of Picayune's claims may be disposed of as a matter of law.

| | Picayune's Allegedly Undisputed Facts | North Fork's Objection And Response |
|---|---|---|
| 1. | In 2005, the North Fork Rancheria of Mono Indians of California ("North Fork") requested that the United States take a 305- acre parcel of land ("Madera Site") located adjacent to Highway 99 approximately 40 miles from North Fork's established reservation into trust for the purpose of constructing and operating a class III casino.<br><br>ROD of Decision for Fee to Trust acquisition. Administrative Record page AR00000160; Secretarial Two-Part Determination for 305-Acre Parcel, Administrative Record, p. AR00000245. | Misrepresents document, which states that the Madera Site "is located approximately 36 miles from the Tribe's current government headquarters, which are located in the town of North Fork Madera County, California, and approximately 38 miles from the Rancheria." AR00000245.<br><br>Otherwise undisputed. |
| 2. | North Fork requested the Secretary of Interior to issue a Secretarial Determination pursuant to 25 U.S.C. § 2719(b)(1)(A) concerning the Madera Site.<br><br>Secretary's Two-Part Determination, Administrative Record, p. AR00000240. | Undisputed. |
| 3. | On September 1, 2011, the Assistant Secretary of Interior- Indian Affairs, issued a Secretarial Determination for the Madera Site in which he found that gaming at the Madera Site would be in the best interests of North Fork and its members and not detrimental to the surrounding community.<br><br>Secretary's Two-Part Determination, Administrative Record, pp. AR00000241, AR00000286-AR00000287, | Undisputed. |

| | | |
|---|---|---|
| | AR00000287- AR00000290. | |
| 4. | The Assistant Secretary Requested that Governor Edmund, G. Brown, Governor of the State of California ("Governor") concur in the Secretarial Determination.<br><br>Secretary's Two-Part Determination, Administrative Record, p. AR00000291. | Undisputed. |
| 5. | On August 31, 2012, the Governor sent a letter to the Secretary of Interior in which the Governor stated that he concurred in the Secretary's Two-Part Determination for the Madera Site.<br><br>Governor Brown Letter to Secretary of Interior Kenneth Salazar, Administrative Record, pp. AR00000317-AR00000318. | Misstates date of letter, which the document indicates was sent August 30, 2012. AR00000317.<br><br>Otherwise undisputed. |
| 6. | On August 31, 2012, the Governor announced that he had concluded a compact with North Fork authorizing gaming at the Madera Site ("2012 Compact').<br><br>Governor's August 31, 2012, Press Release; Administrative Record, pp. AR00000572- AR00000573. | Undisputed. |
| 7. | The Governor submitted the 2012 Compact to the California Legislature which ratified the 2012 Compact as a general statute.<br><br>AB277, Administrative Record, pp.AR00000445-AR00000446. | Undisputed. |
| 8. | Debra Bowen, the California Secretary of State, transmitted the 2012 Compact to the Department of Interior, Office of Indian Gaming, and explained that the under California law AB277, the ratification statute, was not effective for at least ninety (90) days.<br><br>July 16, 2013 letter from Debra Bowen to Paula Hart, Director of Indian Gaming, United States Department of Interior, Administrative Record, pp. | Document speaks for itself. The letter states that "a statute enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of enactment of the statement." AR00000439.<br><br>Undisputed that Debra Bowen, the California Secretary of State, transmitted the 2012 Compact to the Department of Interior, Office of Indian Gaming. |

| | | |
|---|---|---|
| | AR00000440- AR00000441. | |
| 9. | On November 20, 2013, California Secretary of State Bowen, informed the Department of Interior that a referendum qualified regarding AB277 and therefore the 2012 Compact would not be approved under California law until after the referendum vote on November 4, 2014.<br><br>November 20, 2013, letter from Debra Bowen to Paula Hart, Director of Indian Gaming, United States Department of Interior, Administrative Record, pp. AR00000455. | Mischaracterizes document, which states that "the statutes implementing the compacts are stayed until the voters act to adopt or reject the compacts in November 2014." AR00000455.<br><br>Undisputed that on November 20, 2013, California Secretary of State Bowen, informed the Department of Interior that a referendum qualified regarding AB277. |
| 10. | California voters rejected AB277 by a margin of approximately 61% to 39%.<br><br>Plaintiffs Request for Judicial Notice, Exhibit A. | Plaintiffs have not made any request for judicial notice.<br><br>Otherwise undisputed. *See* AR00000480. |
| 11. | After the defeat of AB277 and rejection of the 2012 Compact, North Fork requested that California either recognized the validity of the 2012 Compact or negotiate a new compact for the Madera Site.<br><br>North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. March 17, 2015.), Administrative Record, p. AR00000311. | Mischaracterizes document, which states only that North Fork requested that California "negotiate a new compact with the Tribe for class III gaming on the Madera Parcel." |
| 12. | After the referendum on AB277 the Governor refused to recognize the validity of the 2012 Compact and refused to negotiate a new compact for the Madera Site.<br><br>North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. March 17, 2015.), Administrative Record, p. AR00000311. | Undisputed. *See also* AR00000309. |
| 13. | After the Governor refused to negotiate a new compact for the Madera Site, North Fork brought suit to compel negotiations | Undisputed. |

| | | |
|---|---|---|
| | pursuant to 25 U.S.C. § 2710(d)(7)(A)(i).<br><br>North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. March 17, 2015.), Administrative Record, pp. AR00000292-AR00000316. | |
| 14. | On November 13, 2015, this Court granted North Fork's motion for judgment on the pleadings in North Fork Rancheria of Mono Indians of California v. State of California, No. 15-cv-00418-AWI-SAB (E.D. Cal. November 13, 2015) and ordered North Fork and California to conclude a compact for the Madera Site within sixty (60) days.<br><br>Order on Cross Motions for Judgment on the Pleadings, *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB (E.D. Cal. November 13, 2015), Administrative Record pp. AR00000478-00000498. | Undisputed. |
| 15. | After the Court's November 13, 2015, Order, North Fork and California were unable to negotiate and conclude a compact therefore the dispute was sent to mediation.<br><br>April 26, 2016, Letter from Mediator Zela Claiborne to Paula Hart, Director, Office of Indian Gaming, United States Department of Interior, Administrative Record, p. AR00000001. | Inappropriately characterizes IGRA good-faith remedial process as a "dispute."<br><br>Undisputed that after the Court's November 13, 2015, Order, North Fork and California were unable to negotiate and conclude a compact, and therefore the parties were sent to mediation. |
| 16. | In the Mediation, the Mediator selected North Fork's proposed compacta as the compact that best comported "with the terms of the IGRA, other applicable Federal law, and the findings of the Court."<br><br>April 26, 2016, Letter from Mediator Zela Claiborne to Paula Hart, Director, | Misspells "compact" as "compacta"; inappropriately capitalizes "Mediation"; and misstates Mediator's language selecting North Fork's proposed compact, which properly reads, "with the terms of the IGRA, other applicable Federal law, and the findings and orders of the court." *See* AR00000002. |

| | | |
|---|---|---|
| | Office of Indian Gaming, United States Department of the Interior, Administrative Record, p. 00000001. | Otherwise undisputed. |
| 17. | The Governor declined to consent to the compact selected by Mediator Claiborne and the Mediator notified the Secretary of Interior of the Governor's failure to consent to the proposed compact.<br><br>April 26, 2016, Letter from Mediator Zela Claiborne to Paula Hart, Director, Office of Indian Gaming, United States Department of Interior, Administrative Record, p. 00000001. | Undisputed. |
| 18 | On July 29, 2016, the Secretary of Interior notified North Fork and California that it had issued Secretarial Procedures for the purpose of authorizing class III gaming at the Madera Site.<br><br>July 29, 2016, Letter from Lawrence S. Roberts, Acting Assistant Secretary of Interior – Indian Affairs to Maryann McGov[ra]n, Chairwoman, North Fork Rancheria of Mono Indians of California, Administrative Record, pp. AR00002186- AR00002188. | Undisputed. |
| 19 | The Secretarial Procedures are site specific to the Madera Site.<br><br>Secretarial Procedures, Administrative Record, p. AR00002204. | Document speaks for itself. The Secretarial Procedures state, "The Tribe may establish and operate not more than two (2) Gaming Facilities and engage in Class III Gaming only on eligible Indian lands held in trust for the Tribe, located within the boundaries of the Madera Parcel …." AR00002204. |
| 20. | On December 12, 2016, the California Fifth Appellate District Court of Appeal ruled that Governor Brown did not have authority to grant a concurrence in the Secretarial Determination for the Madera Site and that the concurrence was invalid.<br><br>Opinion, *Stand Up for California! v. State of California*, 211 Cal.Rptr.3d 490 (Cal.Ct.App. 2016.) | The referenced decision is not part of the administrative record.<br><br>In addition, on March 22, 2017, the California Supreme Court granted review of the Fifth District's decision. *See Stand Up For California! v. State of California*, No. S239630 (Cal. Mar. 22, 2017). |

**NORTH FORK'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| | Undisputed Facts | Supporting Evidence |
|---|---|---|
| 1. | North Fork is a federally recognized Indian tribe located in Madera County, California, with more than 2,000 tribal citizens. | Proposed Tribal-State Compact between the State of California and the North Fork Rancheria of Mono Indians, as selected by the Mediator, Feb. 11, 2016, AR00000011. |
| 2. | Aside from its proposed gaming project that is the subject of this lawsuit, North Fork has no source of revenue other than federal grants and California Revenue Sharing Trust Fund distributions and no land suitable for commercial development. | Letter from Larry Echo Hawk, Assistant Secretary – Indian Affairs, to Governor Jerry Brown regarding Two-Part Determination, Sept. 1, 2011, AR00000248. |
| 3. | In 2006, North Fork supplemented its trust application with a request for a Secretarial determination authorizing North Fork's gaming project on the Madera Site. | North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. Mar. 17, 2015), AR00000304; *see also* Letter from Larry Echo Hawk, Assistant Secretary – Indian Affairs, to Governor Jerry Brown regarding Two-Part Determination, Sept. 1, 2011, AR00000240. |
| 4. | North Fork's trust application and request for a Secretarial determination were subject to a lengthy review process. | Letter from Governor Edmund G. Brown Jr. to Kenneth L. Salazar, Secretary of the Interior, August 30, 2012, AR00000317. |
| 5. | On February 5, 2013, the Secretary took the Madera Site into federal trust for North Fork. | Order on Cross Motions for Judgment on the Pleadings, *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB (E.D. Cal. Nov. 13, 2015), AR00000479; *see also* Proposed Tribal-State Compact between the State of California and the North Fork Rancheria of Mono Indians, as selected by the Mediator, Feb. 11, 2016, AR00000011. |
| 6. | On October 22, 2013, the Secretary published notice that the 2012 Compact was taking effect. | Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs to , the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, Jul. 29, 2016, AR00002187. |

| | | |
|---|---|---|
| 7. | In March 2015, North Fork filed an action in the United States District Court for the Eastern District of California against the State of California pursuant to IGRA's remedial provision, 25 U.S.C. § 2710(d)(7), seeking a declaration that the State failed to comply with IGRA's requirement that the State negotiate in good faith with North Fork to enter into an enforceable tribal-state gaming compact, and an order directing the State to conclude an enforceable compact with North Fork within 60 days or submit to mediation. | North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. Mar. 17, 2015), AR00000315. |
| 8. | The State failed to consent to a compact within 60 days, and this Court therefore ordered the parties to mediation pursuant to 25 U.S.C. § 2710(d)(7)(B)(v)-(vi). | Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs to , the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, Jul. 29, 2016, AR00002187. |
| 9. | The court-appointed mediator selected a compact, but the State failed to consent to the compact within 60 days, as required by IGRA. | Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs, to the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, Jul. 29, 2016, AR00002187. |
| 10. | On April 26, 2016, the mediator notified the Secretary of the State's failure to consent. | Letter from Zela G. Claiborne, Mediator, to Paula Hart, Director, Office of Indian Gaming, April 26, 2016, AR00000001. |
| 11. | The United States continues to hold the Madera Site in trust for North Fork; the deed on the Madera Site land demonstrates that the United States holds title in trust for North Fork's benefit. | North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. Mar. 17, 2015), AR00000306. |
| 12. | In prescribing Secretarial Procedures in July 2016, the Secretary relied on the fact that the State failed to consent to the mediator-selected compact within the 60 day period set forth in IGRA, and the rule that IGRA requires the Secretary to prescribe procedures after receiving notice that a state has not consented to a mediator's selected compact. | Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs, to the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, Jul. 29, 2016, AR00002187, AR00002188. |

DATED: March 24, 2017

Respectfully submitted,

By: /s/ Christopher E. Babbitt

CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

JOHN A. MAIER (SBN 191416)
MAIER PFEFFER KIM GEARY & COHEN LLP
1440 Broadway, Suite 812
Oakland, CA 94612
Telephone: (510) 835-3020
Facsimile: (510) 835-3040
E-mail: jmaier@jmandmplaw.com

Attorneys for Intervenor THE NORTH FORK RANCHERIA OF MONO INDIANS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY M. JEWELL, Secretary of the Interior; and LAWRENCE S. ROBERTS, Acting Assistant Secretary of the Interior for Indian Affairs,<br><br>Defendants. | Case No. 1:16-cv-00950-AWI-EPG<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that, on March 24, 2017, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Eastern District of California using the CM/ECF system, which sent notification of such filing to counsel of record in this case. I also certify that I sent an electronic copy of this filing separately to Joseph Nathanael Watson, U.S. Department of Justice, who is Counsel for Defendants, by sending an email to joseph.watson@usdoj.gov.

*/s/* Christopher E. Babbitt

CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com