JEFFREY H. WOOD
Acting Assistant Attorney General

JOSEPH NATHANAEL WATSON (Georgia State Bar No. 212038)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Indian Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1348
Facsimile: (303) 844-1350
Joseph.Watson@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF INTERIOR; et al.,

Defendants;

NORTH FORK RANCHERIA OF MONO INDIANS,

Intervenor Defendant.

Case No. 1:16-cv-00950-AWI-EPG

**FEDERAL DEFENDANTS' RESPONSE TO PICAYUNE RANCHERIA OF CHUCKCHANSI INDIANS STATEMENT OF UNDISPUTED FACTS; FEDERAL DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Federal Defendants submit the following response to Picayune's Statement of Undisputed Facts, Local Rule 260(a), as well as a Federal Defendants' Statement of Undisputed Facts in support of Federal Defendants' motion for summary judgment. Federal Defendants note that the basis for this decision is the Administrative Record. Each of Picayune's claims may be disposed of as a matter of law.

The Court does not sit as a fact finder in APA cases, but instead conducts review in an appellate capacity and against the Administrative Record (AR) that was before the agency. While Fed. R. Civ. P. 56 provides an appropriate *mechanism* to resolve APA record-review cases, a reviewing court does not resolve factual issues but instead determines whether, as a matter of law and based on the administrative record, the agency was permitted to "make the decision it did." *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). Federal Defendants lodged and served an Administrative Record. That was all that was necessary.

Whether any party to this case considers certain facts to be disputed or undisputed is simply irrelevant to this Court's review. Instead, consistent with the APA, this Court should evaluate the cross-motions for summary judgment in light of the law and the Administrative Record (to the extent the Plaintiffs have challenged any agency action). Federal Defendants provide this response to Picayune's undisputed facts, and their own undisputed facts, to avoid any unnecessary additional briefing over an irrelevant issue, because this case should be resolved without introducing additional issues that have nothing to do with this lawsuit's merit or lack thereof. Each statement of undisputed facts is completely irrelevant to this case under the controlling standard of review for an APA action.

**FEDERAL DEFENDANTS' RESPONSE TO PICAYUNE RANCHERIA OF CHUCKCHANSI INDIANS STATEMENT OF UNDISPUTED FACTS**

Federal Defendants' Response to Picayune's Statement of Undisputed Facts and Federal Defendants' Statement of Undisputed Facts.

| | Picayune's Allegedly Undisputed Facts | Federal Defendants'Objections And Response |
|---|---|---|
| 1. | In 2005, the North Fork Rancheria of Mono Indians of California ("North Fork") requested that the United States take a 305- acre parcel of land ("Madera Site") located adjacent to Highway 99 approximately 40 miles from North Fork's established reservation into trust for the purpose of constructing and operating a class III casino.<br><br>ROD of Decision for Fee to Trust acquisition. Administrative Record page AR00000160; Secretarial Two-Part Determination for 305-Acre Parcel, Administrative Record, p. AR00000245. | Picayune's use of approximate distance instead of the distance listed in the document is not accurate. The same document states that the Madera site "is located 36 miles from the Tribe's current government headquarters, which are located in the town of North Fork, Madera County, California, and approximately 38 miles from the Rancheria." AR00000245.<br><br>The remainder of the statement is undisputed. |
| 2. | North Fork requested the Secretary of Interior to issue a Secretarial Determination pursuant to 25 U.S.C. § 2719(b)(1)(A) concerning the Madera Site. | Undisputed. |

| | | |
|---|---|---|
| | Secretary's Two-Part Determination, Administrative Record, p. AR00000240. | |
| 3. | On September 1, 2011, the Assistant Secretary of Interior- Indian Affairs, issued a Secretarial Determination for the Madera Site in which he found that gaming at the Madera Site would be in the best interests of North Fork and its members and not detrimental to the surrounding community.<br><br>Secretary's Two-Part Determination, Administrative Record, pp. AR00000241, AR00000286-AR00000287, AR00000287-AR00000290. | Undisputed. |
| 4. | The Assistant Secretary Requested that Governor Edmund, G. Brown, Governor of the State of California ("Governor") concur in the Secretarial Determination.<br><br>Secretary's Two-Part Determination, Administrative Record, p. AR00000291. | Undisputed. |

| | | |
|---|---|---|
| 5. | On August 31, 2012, the Governor sent a letter to the Secretary of Interior in which the Governor stated that he concurred in the Secretary's Two-Part Determination for the Madera Site.<br><br>Governor Brown Letter to Secretary of Interior Kenneth Salazar, Administrative Record, pp. AR00000317-AR00000318. | The Governor's letter is dated August 30, 2012. AR00000317.<br><br>The remainder of the statement is undisputed. |
| 6. | On August 31, 2012, the Governor announced that he had concluded a compact with North Fork authorizing gaming at the Madera Site ("2012 Compact').<br><br>Governor's August 31, 2012, Press Release; Administrative Record, pp. AR00000572- AR00000573. | Undisputed. |
| 7. | The Governor submitted the 2012 Compact to the California Legislature which ratified the 2012 Compact as a general statute.<br><br>AB277, Administrative Record, pp.AR00000445-AR00000446. | Undisputed. |

| | | |
|---|---|---|
| 8. | Debra Bowen, the California Secretary of State, transmitted the 2012 Compact to the Department of Interior, Office of Indian Gaming, and explained that the under California law AB277, the ratification statute, was not effective for at least ninety (90) days.<br><br>July 16, 2013 letter from Debra Bowen to Paula Hart, Director of Indian Gaming, United States Department of Interior, Administrative Record, pp. AR00000440- AR00000441. | This is an interpretation of the document, which speaks for itself. Specifically, Picayune appears to characterize what could best be stated by quoting from the letter: "a statute enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of the enactment of the statue." AR0000439. Federal Defendants do not dispute that description of Ms. Bowen or that she sent the compact to the U.S. Department of the Interior. |
| 9. | On November 20, 2013, California Secretary of State Bowen, informed the Department of Interior that a referendum qualified regarding AB277 and therefore the 2012 Compact would not be approved under California law until after the referendum vote on November 4, 2014. | The letter states "the statutes implementing the compacts are stayed until the voters act to adopt or reject the compacts in November 2014." AR00000455. The letter's text is an accurate indicator of what the letter said, Picayune's characterization is a characterization, not a factual statement. |

| | | |
|---|---|---|
| | November 20, 2013, letter from Debra Bowen to Paula Hart, Director of Indian Gaming, United States Department of Interior, Administrative Record, pp. AR00000455. | Undisputed that on November 20, 2013, California Secretary of State Bowen, informed the Department of Interior that a referendum qualified regarding AB277. |
| 10. | California voters rejected AB277 by a margin of approximately 61% to 39%.<br><br>Plaintiffs Request for Judicial Notice, Exhibit A. | Picayune has not made any request for judicial notice, nor is one necessary. *See* AR00000480. |
| 11. | After the defeat of AB277 and rejection of the 2012 Compact, North Fork requested that California either recognized the validity of the 2012 Compact or negotiate a new compact for the Madera Site.<br><br>North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. March 17, 2015.), Administrative Record, p. AR00000311. | The document states only that North Fork requested that California "negotiate a new compact with the Tribe for class III gaming on the Madera Parcel." Picayune's remaining characterizations are not facts. AR00000311. |

| | | |
|---|---|---|
| 12. | After the referendum on AB277 the Governor refused to recognize the validity of the 2012 Compact and refused to negotiate a new compact for the Madera Site.<br><br>North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. March 17, 2015.), Administrative Record, p. AR00000311. | Undisputed. *See also* AR00000309. |
| 13. | After the Governor refused to negotiate a new compact for the Madera Site, North Fork brought suit to compel negotiations pursuant to 25 U.S.C. § 2710(d)(7)(A)(i).<br><br>North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. March 17, 2015.), Administrative Record, pp. AR00000292-AR00000316. | Undisputed. |
| 14. | On November 13, 2015, this Court | Undisputed. |

| | | |
|---|---|---|
| | granted North Fork's motion for judgment on the pleadings in North Fork Rancheria of Mono Indians of California v. State of California, No. 15-cv-00418-AWI-SAB (E.D. Cal. November 13, 2015) and ordered North Fork and California to conclude a compact for the Madera Site within sixty (60) days.<br><br>Order on Cross Motions for Judgment on the Pleadings, *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB (E.D. Cal. November 13, 2015), Administrative Record pp. AR00000478-00000498. | |
| 15. | After the Court's November 13, 2015, Order, North Fork and California were unable to negotiate and conclude a compact therefore the dispute was sent to mediation.<br><br>April 26, 2016, Letter from Mediator Zela Claiborne to Paula Hart, Director, Office of Indian Gaming, United States Department of Interior, Administrative Record, p. AR00000001. | This assertion characterizes IGRA's good-faith remedial process as a dispute, which may reflect Picayune's legal opinion but it does not reflect IGRA and is not a fact.<br><br>Undisputed that after the Court's November 13, 2015, Order, North Fork and California were unable to negotiate and conclude a compact, and therefore the parties were sent to mediation. AR00000001. |
| 16. | In the Mediation, the Mediator selected North Fork's proposed compacta as the | The Mediator selected a North Fork's compact because it best comported |

| | | |
|---|---|---|
| | compact that best comported "with the terms of the IGRA, other applicable Federal law, and the findings of the Court."<br><br>April 26, 2016, Letter from Mediator Zela Claiborne to Paula Hart, Director, Office of Indian Gaming, United States Department of the Interior, Administrative Record, p. 00000001. | "with the terms of the IGRA, other applicable Federal law, and the findings and orders of the court." AR00000002-00000003.<br><br>The remainder of the statement is undisputed. |
| 17. | The Governor declined to consent to the compact selected by Mediator Claiborne and the Mediator notified the Secretary of Interior of the Governor's failure to consent to the proposed compact.<br><br>April 26, 2016, Letter from Mediator Zela Claiborne to Paula Hart, Director, Office of Indian Gaming, United States Department of Interior, Administrative Record, p. 00000001. | Undisputed. |
| 18 | On July 29, 2016, the Secretary of Interior notified North Fork and California that it had issued Secretarial Procedures for the purpose of | Undisputed. |

| | | |
|---|---|---|
| | authorizing class III gaming at the Madera Site.<br><br>July 29, 2016, Letter from Lawrence S. Roberts, Acting Assistant Secretary of Interior – Indian Affairs to Maryann McGov[ra]n, Chairwoman, North Fork Rancheria of Mono Indians of California, Administrative Record, pp. AR00002186- AR00002188. | |
| 19 | The Secretarial Procedures are site specific to the Madera Site.<br><br>Secretarial Procedures, Administrative Record, p. AR00002204. | The Secretarial Procedures state, "[t]he Tribe may establish and operate not more than two (2) Gaming Facilities and engage in Class III Gaming only on eligible Indian lands held in trust for the Tribe, located within the boundaries of the Madera Parcel …." AR00002204. |
| 20. | On December 12, 2016, the California Fifth Appellate District Court of Appeal ruled that Governor Brown did not have authority to grant a concurrence in the Secretarial Determination for the Madera Site and that the concurrence was invalid. | Nothing in this paragraph is part of the Administrative Record. |

| | | |
|---|---|---|
| | Opinion, *Stand Up for California! v. State of California*, 211 Cal.Rptr.3d 490 (Cal.Ct.App. 2016.) | |

**FEDERAL DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

1. The North Fork Rancheria of Mono Indians (North Fork) is a federa recognized Indian tribe located in Madera County. Proposed Tribal State Gaming Compact between the State of California and the North Fork Rancheria of Mono Indians, as selected by the mediator, February 11, 2016. AR00000011; Secretarial Procedures for the North Fork Rancheria of Mono Indians, AR00002196.

2. In March of 2005, North Fork submitted a fee-to-trust application for the 305.49-acre Madera site, in Madera County, California. Record of Decision, Trust Acquisition of the 305.49-acre Madera site in Madera County, California, for the North Fork Rancheria of Mono Indians. AR00000160.

3. In 2006, North Fork supplemented its trust application with a request for a Secretarial determination authorizing North Fork's gaming on the Madera site. Letter from Larry Echo Hawk, Assistant Secretary – Indian Affairs, to Governor Jerry Brown regarding Two-Part Determination, Sept. 1, 2011, AR00000240; North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. Mar. 17, 2015); AR00000304.

4. On August 30, 2012, California Governor Edmund Brown concurred in the Secretary's two-part determination. Letter from Governor Edmund G. Brown Jr. to Kenneth L. Salazar, Secretary of the Interior, Aug. 30, 2012, AR00000317.

5. On February 5, 2013, the Secretary took the Madera site into trust for North Fork. Order on Cross Motions for Judgment on the Pleadings, *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB (E.D. Cal. Nov. 13, 2015), AR00000479; *see also* Proposed Tribal-State Compact between the State of California and the North Fork Rancheria of Mono Indians, as selected by the Mediator, Feb. 11, 2016, AR00000011.

6. As of March 24, 2017, the United States still holds the Madera site in trust for North Fork. North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. Mar. 17, 2015), AR00000306; Secretarial Procedures for the North Fork Rancheria of Mono Indians, AR00002200.

7. In March of 2015, North Fork filed a lawsuit in the United States District Court for the Eastern District of California against the State of California, pursuant to 25 U.S.C. § 2710(d)(7). North Fork Complaint in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-cv-00418-AWI-SAB, (E.D. Cal. Mar. 17, 2015), AR00000315.

8. California did not consent to a compact and, pursuant to 25 U.S.C. § 2710(d)(7)(B)(v)-(vi), this Court ordered the parties to mediation. Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs, to the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, July 29, 2016, AR00002187.

9. The mediator appointed by this Court selected a compact, but California did not consent to the Compact within the timeframe provided by IGRA, 25 U.S.C. § 2710(d)(B)(vi).

10. On April 26, 2016, the mediator notified the Secretary of the Interior of California's failure to consent. Letter from Zela G. Claiborne, Mediator, to Paula Hart, Director, Office of Indian Gaming, Apr. 26, 2016, AR00000001-03.

11. On July 29, 2016, the Secretary prescribed Secretarial Procedures, in consultation with the Indian tribe, and consistent with 25 U.S.C. § 2710(d)(B)((vii)(I), (II), and relied upon the State's failure to consent to the mediator-selected compact within the timeframe set forth by IGRA, and IGRA's mandatory requirement that the Secretary prescribe procedures after receiving notice from the mediator that the State did not consent to the Compact. Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs, to the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, July 29, 2016, AR00002187, AR00002188.

12. On July 29, 2016, the Secretary notified North Fork and California that the Secretarial Procedures were prescribed and in effect. Letter from Lawrence S. Roberts, Acting Assistant Secretary – Indian Affairs, to the Honorable Maryann McGovran, Chairwoman, North Fork Rancheria of Mono Indians of California, July 29, 2016, AR00002187, AR00002188.

DATED this 24th day of March, 2017

Respectfully submitted,
JEFFREY H. WOOD
Acting Assistant Attorney General

/s/ Joseph Nathanael Watson
JOSEPH NATHANAEL WATSON
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Indian Resources Section

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel reflected on the Notice of Electronic Filing to be served by electronic means.